IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GEOFFREY L. RASHAW-BEY,

      Petitioner,

                                  CIVIL ACTION
vs.                                No. 09-3043-RDR

M. NALLEY, et al.,

      Respondents.

**MEMORANDUM AND ORDER**

This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody, proceeds pro se and submitted the filing fee.

**Background**

It appears from the materials submitted with the petition that petitioner was charged with possession of contraband after a small plastic bag of tobacco was found inside his shirt sleeve. The discovery occurred on February 28, 2008, and petitioner reports the Unit Discipline Committee (UDC) hearing was conducted on March 4, 2008.

Petitioner was found guilty, and the UDC imposed 90-day restrictions on phone and commissary privileges and visitation.

Petitioner seeks relief on the ground that his hearing before the UDC was not conducted within 72 hours of the incident. He also states he was performing his job at the time of the incident by removing debris from the compound and found the tobacco there.

**Discussion**

The court liberally construes the pro se petition to assert a denial of due process in prison disciplinary proceedings.

When such proceedings result in the loss of a liberty interest, include the loss of good time credits, a prisoner is entitled to procedural protections. These protections include advanced written notice of the charges, the opportunity to call witnesses and present evidence where this will not interfere with institutional security and order, a written statement of the evidence relied upon by the factfinder and the reasons for the decision, and some evidentiary support for the decision. *See Superintendent*, *Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985)(citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)).

However, not every disciplinary sanction implicates the Due Process Clause and triggers the necessity for these procedural protections. In *Sandin v. Conner*, 515 U.S. 472 (1995), the

United States Supreme Court held that a prisoner who was sentenced to 30 days in disciplinary segregation had no protected liberty interest and was not entitled to procedural protections. *Id.* at 475-76, 486. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." I*d.* at 485. It is only where an "atypical or significant hardship" in relation to ordinary prison life occurs or there is an impact on the length of a prisoner's confinement that a protected liberty interest is implicated. *Id*. Thus, where, as here, a prisoner is punished with a brief loss of privileges, the Due Process Clause is not implicated.

Finally, the court liberally petitioner's claim to arise from the federal regulation governing the initial hearing before the UDC. This provision, 28 C.F.R. § 541.15, states that an inmate charged with violation of a rule is entitled to a hearing before the UDC "ordinarily held within three work days from the time staff became aware of the inmate's involvement in the incident."

However, not only does this regulation allow some flexibility, it is settled that "a failure to adhere to administrative regulations does not equate to a constitutional viola-

tion." *See Hovater v. Robinson,* 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer,* 468 U.S. 183, 194 (1984)). Therefore, the slight delay in conducting the UDC hearing does not provide a basis for habeas corpus relief.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 5th day of July, 2011.

> S/ Richard D. Rogers
> RICHARD D. ROGERS
> United States Senior District Judge